### H. W. JOHNS MFG. CO. v. NEW YORK ASBESTOS MFG. CO. et al.

(Circuit Court, E. D. New York. June 2, 1902.)

1. PATENTS—INFRINGEMENT—COVERING FOR STEAM PIPES.
    The Pierce divisional reissue, No. 10,376 (original No. 252,400), for a covering for steam pipes, *held* valid, and claim 1 infringed.

In Equity. Suit for infringement of reissued letters patent No. 10,376, issued August 26, 1883, based on a part of original patent No. 252,400, granted to Jas. D. Pierce January 17, 1882, for a covering for steam pipes. On final hearing.

Wetmore & Jenner (Edmund Wetmore, of counsel), for complainant.

Schreiter & Mathews (Henry Schreiter, of counsel), for defendants.

THOMAS, District Judge. Letters patent No. 252,400 were issued to James D. Pierce on January 17, 1882, for which, on August 26, 1883, upon the application of the patentee's successors in title, a patent in two parts was issued, to wit, letters Nos. 10,375 and 10,376. The bill charges infringement of letters 10,376. In 1898 this court, after a hearing before Judge Lacombe, in the Southern district of New York, in a suit wherein the present complainant charged infringement of letters 10,376 by Henry W. Robertson and another, decreed that letters 10,375 were inoperative, and the validity and infringement of 10,376. Reissues of patents are authorized by Rev. St. § 4916:

"Whenever any patent is inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, * * * the commissioner shall * * * cause a new patent for the same invention * * * to be issued. * * * The commissioner may, in his discretion, cause several patents to be issued for distinct and separate parts of the thing patented, upon demand of the applicant; * * * but no new matter shall be introduced into the specification."

The inventor applied for the "reissue in two divisions, A and B, of letters patent No. 252,400, and states:

"The drawing and specification as a whole indicate, and the state of the art shows, that the most important feature of applicant's invention is providing a covering with adequate dead air spaces by means of corrugation or indentations in one or more layers forming a covering composed of nonconducting material, whether of paper or not; and in this respect the patent is wholly inoperative, and affords applicant no protection."

This statement refers to the following portion of the specification in letters 10,376, the italicised words showing the only amendment in such part:

"If my covering is designed for a flat surface, I merely secure flat layers of paper to each other in lines A', and through these make the cuts which divide the covering into blocks or sheets. As the layers which compose my improved covering are only secured together in lines, through which the dividing cuts are to be made, there will be left between the layers at other points (those between the secured portions) a great deal of space for noncirculating or dead air, and this gives to my covering, *if corrugated or indented,* a maximum power to resist the passage of heat through it, and, *if plain, a resistance considerably above the maximum of a covering composed of layers secured together over substantially their entire surface.*"

Concerning this amendment Judge Lacombe said in the Robertson Case (C. C.) 89 Fed. 504:

"Comparing the language of the two descriptions, it may be readily understood why the inventor deemed it advisable to indicate more sharply the particular merit of his invention, viz., the artificial production of numerous air spaces in a pipe covering of paper without employing other materials, such air spaces being so arranged that the air therein is not free to circulate."

It would seem, therefore, from the opinion of the learned judge, that the patent was neither inoperative nor invalid, and that the amendment was made for the mere purpose of emphasis. The reissue of letters 10,375 and the history of the same indicate that marked departure was intended from the primary conception, and the claims based thereon, as expressed in the original letters. But this court, in the Robertson Case, decreed that the reissued letters 10,376 are valid, and the conclusion then reached should be followed. Moreover, claim 1 was construed, and held broad enough to cover the Robertson structure; and the court's reasoning would bring the defendant's covering within the claim. No anticipatory device is added to those considered in the former suit, which constrains this court to annul or limit the claim. The single question is, does claim 1 fairly admit of an interpretation that would include defendant's covering? Read apart from the specification, it is capable of such construction. Whether the inventor intended that it should have such expansion admits of grave doubt and serious discussion; but the learned judge in the Robertson Case must have considered such doubt, taken notice of uncertainties, and found the balance of probabilities in the complainant's favor. In the same circuit a claim should not be construed at different terms, by different judges, in different ways, upon records not materially distinguishable, when the former conclusion is one not opposed to settled convictions.

Surely, the former holding may be used to solve a doubt, even as serious as the one now held concerning the right of the complainant to the relief now asked.

Pursuant to these views, the complainant should have a decree.